[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Joseph Bruckman, Esq., for the Petitioner
Jonathan Benedict, Esq., Assist. State's Attorney for the State.
BY THE DIVISION
After trial by jury, petitioner was convicted of possession of narcotics (cocaine) with intent to sell in violation of Conn. Gen. Stats. 21A-278(b). At the time of sentencing he was given 12 years to serve, consecutive to a violation of probation of a previous sentence.
The charge against the petitioner was that he sold 210 milligrams of cocaine to an undercover detective for twenty-five dollars. The date of sale in this narcotic offense was just a mere seventeen days after he began probation for a similar drug related offense.
Counsel for petitioner stated that the sentence imposed was disproportionate and high considering sentences for similar offenses. In support of his position he points out that the state's attorney only asked for a total sentence of ten years. He further stated that the sentence was high because of the CT Page 9886 petitioner's light track record of previous offenses. Petitioner addressed the Board professing his innocence of this crime.
The assistant state's attorney pointed out to the Board that the petitioner has failed to rehabilitate himself, and this was his second conviction for narcotic activity. He further argued that a sentence such as the one imposed here serves as a deterrence to both the petitioner and others who may chose to engage in such criminal activities.
The court during sentencing noted that the petitioner can neither speak nor read or write English, and that he took no advantage of any educational opportunities during his last confinement period. Further, the court found that the petitioner was not deterred in any way by his last sentence since he committed another narcotic crime within seventeen days of being released. Finally the court felt a lengthy sentence was necessary and imposed the subject sentence.
In reviewing the record, this Board finds that the sentence imposed was neither inappropriate or disproportionate. The court exercised its right to impose a sentence that was adequate to protect the public interest. The sentence is affirmed.
NORKO, J. PURTILL, J. STANLEY, J.
Norko, J, Purtill, J. and Stanley, J. participated in this